**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CLIFF AVANT,**

    **Plaintiff,**

**vs.**                                                    **CASE NO. 4:04CV187-MP/AK**

**OFFICER E. BROWN,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that Defendant Brown was deliberately indifferent to his safety needs which resulted in an assault upon him by three other inmates. (Doc. 15). Defendant Brown has moved to dismiss the complaint for failure to exhaust administrative remedies (doc. 52) and Plaintiff has responded. (Docs. 55 and 56).

**I.**      **Allegations of the Second Amended Complaint (Doc. 15)**

Plaintiff claims that on January 27, 2004, he was robbed and assaulted by three inmates at Jefferson Correctional Institution. He claims that he was hit in the head with a lock on a belt resulting in serious injury. He claims that Defendant Brown was not at her post and knew from past history of assaults in that dorm that if she left her post there was a substantial risk that serious harm would occur.

Attached to the second amended complaint are copies of two grievances:

Dated February 26, 2004, and addressed to the warden, Plaintiff states:

> This is a grievance of a sensitive nature, I am bypassing the informal grievance process level due to my fear of reprisal or retaliation. On 1/25/04 at Jefferson CI, while housed in A dorm, I was returning from canteen with commissary I was assaulted by three black inmates, Inmate Loren Howell hit me with a lock while my back was turned, opening my locker, as a result of the assault I suffered a shaddered [sic] cheek bone and broken nose. I then took myself to medical and was placed in the infirmary, and then transferred the following day, here to NFRC. I am scheduled to have reconstructive surgery. Grievant claims that there was only one officer present in the dormitory supervising 72 inmates. This lack of security placed me in danger and as a result, the assault occurred. Prison officers at Jefferson failed to enforce policy or take other reasonable steps which may have prevented the assault.

Response dated March 22, 2004:

> This grievance is being returned unprocessed due to the fact that you failed to file at the informal level. Your stated reasons for this are not validated in that you have failed to adequately describe fear of retaliation by who and in what manner. However, a copy of this formal grievance will be forwarded to the Institutional Inspector and Classification for review.

Plaintiff appealed to the Secretary on April 11, 2004, restating the event, but provided no additional information on the retaliation he complained of. The response:

> Your appeal has been reviewed and evaluated. The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General. A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review information will be provided to appropriate administrators for final determination and handling. As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

## II.     Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,*

**No. 4:04cv187-mp/ak**

108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960). The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). However, this does not mean "that every statement in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168. The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id.*, *citing* Perniciaro v. Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Claims which "rely upon conclusory statements of law" need not be accepted. Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim." Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding

**No. 4:04cv187-mp/ak**

"[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III.    Analysis

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

**No. 4:04cv187-mp/ak**

until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons). Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). An inmate must not only commence the grievance process, he

**No. 4:04cv187-mp/ak**

must perfect his appeal to the highest administrative level in the process.  <u>Alexander</u>, 159 F.3d at 1323.

Plaintiff is housed within the Florida Department of Corrections.  Florida prisons have an administrative grievance program.  *See* FLA. ADMIN. CODE CH. 33-103.  The process is three-tiered: informal grievance to the staff member responsible in the particular area of the problem; formal grievance to the warden; and appeal to the secretary.  An inmate may by pass the informal level in an emergency situation if he provides sufficient detail to justify going directly to the warden.  Rules 33-103.006(3), (4), and 103.007 (6).

The undersigned is of the opinion that Plaintiff failed to adequately exhaust the administrative remedies available to him at the prison and did not comply with the procedures for filing an emergency grievance directly to the warden.  First, Plaintiff waited one month after the assault before filing the formal grievance, which belies the emergency nature of his problems.  Second, he did not even identify a particular person allegedly responsible for the problem nor did he specify the nature of the retaliation.  Finally, he could have remedied the problem by filing an informal grievance or re-filing a formal grievance and explaining the nature of the retaliation and the need to by pass the informal stage, but he ignored the response by the warden and filed an appeal in which he neither identified the officer responsible for his assault nor explained the retaliation he alleged to the warden nor addressed the fact that his formal grievance had been returned unprocessed.

**No. 4:04cv187-mp/ak**

In his response to the motion, Plaintiff argues that the identification of Officer Brown was difficult and the DOC delayed in serving the correct "E. Brown" even though they knew who was working on A dormitory at the time in question. Plaintiff also asserts that his formal grievance put DOC on sufficient notice of the problem and their failure to investigate caused further injury because these same inmates assaulted others. Plaintiff claims that he bypassed the informal grievance process so that an investigation would ensue quicker and prevent Defendant Brown from covering up her wrongdoing. Plaintiff has attached to his response his affidavit, as well as one from another inmate Jesse Beck.

First, there was some delay in identifying and serving the correct defendant as Plaintiff argues, but this was resolved and has nothing to do with the grievance process. Second, even though Plaintiff's formal grievance was returned because he did not show sufficient cause for bypassing the informal procedure, his complaints were forwarded to Inspection and Classification for review. Thus, there was no delay in investigating the matter by the institution. Finally, if Plaintiff wanted to prevent Officer Brown from covering up her wrongdoing, he should have named her in his formal grievance so that the institution could have taken more specific action against her. If Plaintiff had provided this specificity it would have explained his need to bypass the informal grievance process and aided the warden in taking corrective action to stop any retaliation or harassment and to remedy the situation if indeed Officer Brown were leaving her post or intending to cover up her actions.

**No. 4:04cv187-mp/ak**

In his affidavit, Inmate Jesse Beck attests that he saw Plaintiff injured after the assault by other inmates and noticed that there were no officers in the station and that frequently inmates fought in A dormitory because there were no officers there. Inmate Beck provides no specific details about which officers were not at their post, does not name Defendant as one of the officers on duty on the date in question, and adds nothing to support Plaintiff's argument as to why he did not properly exhaust his grievances.

As Defendant argues in her brief, the policies underlying the exhaustion requirement are not met if an inmate is allowed to bypass important steps in the process without good cause. The law in the Eleventh Circuit is that an inmate must complete the grievance procedure, and this position has recently been upheld by the Supreme Court. Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). In Woodford, the Supreme Court referred to exhaustion as the "centerpiece" of the PLRA, "an invigorated exhaustion provision," and cited with approval the Eleventh Circuit's position that exhaustion is a mandatory provision, no longer left to the discretion of the district court, and that a prisoner must complete the process as the institution requires, including appeals. Id., at 2384. The policies cited by the Court for making exhaustion mandatory are that it provides prisoners with an effective incentive to use the process, which gives the institution a fair opportunity to correct its own errors; and thereby, reduces the number of prisoner suits and improves the quality thereof. Id., at 2387-2389.

**No. 4:04cv187-mp/ak**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (doc. 52) be **GRANTED,** and Plaintiff's amended complaint (doc. 15) be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Gainesville, Florida, this _12th_ Day of March, 2007.

_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:04cv187-mp/ak**