IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLIFF AVANT,

    Plaintiff,

v.                                                                        CASE NO. 4:04-cv-00187-MP-AK

OFFICER E. BROWN,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 60, Report and Recommendation of the Magistrate Judge, recommending that Defendant's Motion to Dismiss, Doc. 52, be granted, and Plaintiff Avant's amended complaint, Doc.15, be dismissed for failure to exhaust administrative remedies. The Magistrate Judge filed the Report and Recommendation on Monday, March 12, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his amended complaint, brought under 42 U.S.C. §1983, Plaintiff Avant alleges that Defendant Brown was deliberately indifferent to his safety needs, which resulted in an assault upon him by three other inmates at Jefferson Correctional Institution. In a formal grievance dated nearly a month after this assault, Plaintiff alleges that there was only one officer present in the dormitory supervising seventy-two inmates at the time of the assault, and that "[p]rison officers at Jefferson failed to enforce policy or take other reasonable steps which may have prevented the assault." As the Magistrate notes, Florida prison systems have a three-tiered grievance procedure, and inmates may bypass the informal level and address their grievance

directly to the warden only in emergency situations.  An inmate must complete the grievance procedure an exhaust all available administrative remedies in order for the Court to have jurisdiction to hear the claim.  42 U.S.C. § 1997e(a).  Because Plaintiff did not properly exhaust all available administrative remedies, the Magistrate recommends granting Defendant's Motion to Dismiss.

Plaintiff has filed objections to the Magistrate's Report.  Doc. 62.  First, Plaintiff states that the delay in filing his emergency grievance was excusable because he was undergoing reconstructive surgery as a result of the assault.  While this point is well-taken, nevertheless Plaintiff has not demonstrated the emergency nature of his grievance that would justify bypassing the informal level.  Plaintiff cited in his grievance a fear of retaliation, but failed to specify who he feared would retaliate against him and for what reason.  Therefore, Plaintiff's formal grievance did not contain sufficient detail as to the emergency nature to justify the direct filing.  By failing to file an informal grievance, Plaintiff did not properly exhaust all available administrative remedies.  Plaintiff objects that because his complaints were forwarded to the Institutional Inspector and Classification for review, no further action was available, and therefore he met the exhaustion requirement.  This argument overlooks the fact that Plaintiff's grievances were returned unprocessed for failure to file at the informal level.  Although the Office of the Inspector General was investigating Plaintiff's general allegations, this does not excuse Plaintiff from the requirement that he comply with the grievance process in order for the Court to have jurisdiction.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  The Magistrate Judge's Report and Recommendation, Doc. 60, is adopted and incorporated by reference in this order;

2.  Defendant's Motion to Dismiss, Doc. 52, is granted;

3.  Plaintiff's amended complaint, Doc. 15, is dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

**DONE AND ORDERED** this   *30th* day of March, 2007

      *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge